### 8159. PERSONS-PHILLIPS-OXFORD COMPANY *v.* MORRIS FERTILIZER COMPANY.

BROYLES, P. J.   1.   When a corporation is a party to a cause the general manager of the corporation is not such a party within the meaning of section 5717 of the Civil Code of 1910, which provides when the absence of a party to an action shall be cause for a continuance. This is true although the general manager may be the agent of the corporation who had entire charge of all matters pertaining to the suit, and no other agent of the corporation knew any of the facts connected therewith. If the presence of such an agent is necessary to the corporation on the trial of the case, he should be subpœnaed as a witness, and, if he is providentially unable to attend court, the motion for a continuance on that account should be made under code-section 5715, which provides for continuances for the absence of witnesses. In this case the court did not err in holding that the general manager of the defendant corporation was not a party to the cause within the meaning of the first-mentioned code-section, and in declining to continue the case because of his providential absence.

2. The motion for a continuance because of the absence of the general manager of the corporation, who had been subpœnaed as a witness, was defective, for the reasons that it was not shown to the court at the time the motion was made that the witness was not absent by the permission of the movant, or that the movant expected to be able to procure the testimony of the witness at the next term of court; and the court did not err in overruling the motion. Civil Code of 1910, § 5715; *Simons* v. *Mathis*, 17 *Ga. App.* 588 (87 S. E. 845).

3. There is no merit in that ground of the motion for a new trial which complains of the action of the court in suspending the proceedings and announcing that "the court wanted to do what was right, and the proceedings would be suspended for thirty minutes, in which time counsel for defendant would be allowed the use of the court stenographer to take the testimony of J. B. Persons before the court commissioner at his home in Monticello, Georgia, Jasper county, three blocks from the court-house." This ground does not allege that the plaintiff in error made any objection to the action or statement of the court. Moreover, it is affirmatively shown by the record and the note of the judge that counsel for the plaintiff in error assented to such action.

4. The various excerpts from the charge of the court upon which error is assigned were authorized by the pleadings and the evidence, and were not erroneous for any reason assigned.

5. The remaining grounds of the amendment to the motion for a new trial

are based upon alleged errors of the court in "failing and refusing" to charge certain principles of law. It is not shown that any timely written requests for such instructions were presented to the court, and in the absence of such requests, and when the facts of the case and the entire charge are considered, no error is shown in the omission of the court to give these charges.

6. There was evidence authorizing the verdict, and the court did not err in overruling the motion for a new trial.

　　　　　*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

　　　　　　　　DECIDED MAY 11, 1917.

Complaint; from Jasper superior court—Judge Park. June 10, 1916.

*A. S. Thurman, E. M. Baynes,* for plaintiff in error.

*A. G. Foster, S. H. Sibley,* contra.